**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

S.G.,

        Plaintiff,

v.                                      Case No. 6:14-cv-917-Orl-37KRS

MEARS TRANSPORTATION GROUP,
INC.,

        Defendant.

_____

**ORDER**

This cause is before the Court on Plaintiff's Motion to Proceed Under a Pseudonym (Doc. 9), filed July 14, 2014.

In this Americans with Disabilities Act action, Plaintiff alleges that Defendant, his former employer, unlawfully terminated him because he contracted the Human Immunodeficiency Virus ("HIV").[1] (Doc. 8, ¶¶ 11–17, 20–21.) Plaintiff identified himself in the Amended Complaint using an initialism, and he now moves for leave to proceed under a pseudonym. (*Id.*; Doc. 9.) In support, Plaintiff argues that he has a substantial privacy interest in his HIV status and that its disclosure on the public docket would expose him to further economic and social harm. (Doc. 9, ¶¶ 3–9; Doc. 10, ¶¶ 4–5.) Plaintiff disclosed his full name to Defendant and its counsel. (Doc. 9, ¶ 2; Doc. 10, ¶ 3.) Defendant has not opposed Plaintiff's motion.

"Generally, parties to a lawsuit must identify themselves in their respective

---

[1] Plaintiff also proceeds under the Family and Medical Leave Act, 29 U.S.C. § 2601, the Florida Civil Rights Act, Fla. Stat. § 760.01, and Florida common law. (Doc. 8, ¶¶ 18–19, 22–32.)

pleadings." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001); *see also* Fed. R. Civ. P. 10(a) ("The title of [a] complaint must name all the parties."). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992).

"Nonetheless, the rule is not absolute. A party may proceed anonymously in a civil suit in federal court by showing that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (citation and internal quotation marks omitted). To determine whether a plaintiff is entitled to proceed anonymously, courts must "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 952 F.2d at 323.

Here, considering all of the circumstances, the Court finds that Plaintiff is entitled to proceed anonymously. Although the U.S. Court of Appeals for the Eleventh Circuit has not addressed whether privacy concerns related to a plaintiff's HIV or AIDS status can justify proceeding under a pseudonym, other circuit and district courts have concluded that they can. *See, e.g.*, *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) ("Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, *AIDS*, and homosexuality." (emphasis added) (citation and internal quotation marks omitted)); *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (granting an HIV-positive plaintiff leave to proceed anonymously because "AIDS . . . is a personal matter

of the utmost intimacy" for which people can be "subjected to discrimination in the workplace, schools, social settings and public accommodations"). In light of persuasive authority, the nature of Plaintiff's allegations, and the lack of opposition from Defendant, the Court finds that Plaintiff's HIV-related privacy interests outweigh the need for disclosure in this case. Additionally, Plaintiff's demonstrated willingness to share his personal information with Defendant suggests that permitting Plaintiff to proceed anonymously will not unduly complicate the discovery process or inhibit the progression of this case. *See Aware Woman Ctr.*, 253 F.3d at 687 (reasoning that non-public disclosure of identifying information to a defendant is a "reasonable way to reconcile" any competing interests between a plaintiff's need for privacy and a defendant's need for discovery).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Proceed Under a Pseudonym (Doc. 9) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 12, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record